UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| BRYAN PRICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 14-cv-257-JMH ) ) |
| KROGER, | ) ) |
| Defendant. | ) **MEMORANDUM OPINION AND ORDER** ) |

\*\*\*

This matter is before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DE 10], filed by Kroger Limited Partnership I, which states that Plaintiff Price has incorrectly identified it as The Kroger Co. Plaintiff Price has filed a Response [DE 16], objecting to the Motion to Dismiss, and Defendant has filed a Reply in support of its Motion [DE 17].[1]

**I.**

To survive a motion to dismiss, a plaintiff must demonstrate "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's allegations must be sufficient to raise his or her claims above a speculative level. *Id.* Neither "[t]hreadbare

---

[1] Defendant has filed another document [DE 18] which states that it is a response "to the motion to dismiss from Joseph Hansen and Kevin Sullivan." It appears that this document is actually responsive to pleadings filed in Lexington Civil Action No. 5:14-cv-94. Accordingly, the Court will direct the Clerk to strike it from the docket in the present action and file it in that matter for consideration there.

recitals of the elements of a cause of action, supported by mere conclusory statements" nor "the mere possibility of misconduct" is sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is no less true when a plaintiff is proceeding *pro se*. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In considering a motion to dismiss, the court may rely on documents attached to or referred to in a complaint without converting the motion into a motion for summary judgment, as documents attached to pleadings are considered part of the pleading itself. *See Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also* Fed. R. Civ. P. 10(c). In this instance, Plaintiff's Complaint references the settlement agreements that he reached with Defendant, and the Court may consider them without converting the motion to dismiss into a motion for summary judgment.

## II.

In his Complaint, Price claims that Kroger discriminated against him because of his race when he received a disciplinary warning in December 2004 and that Kroger then terminated his employment in retaliation for filing a December 2004 EEOC charge concerning that disciplinary warning. Price filed his initial EEOC charge against Kroger on December 22, 2004. Price's

employment was terminated by Kroger on March 26, 2005. The EEOC declined to pursue Price's initial charge and issued a Notice of Right to Sue on April 14, 2005.

Price filed a second EEOC charge against Kroger on October 5, 2005, alleging that Kroger terminated his employment in retaliation for filing his December 2004 charge with the EEOC. Eventually, Price and Kroger entered into a Voluntary Settlement Agreement and Release with respect to that EEOC charge in which Price agreed, in exchange for certain consideration, to:

> . . . irrevocably waive[], release[] and discharge[] [Kroger], its successors, parent company, corporate affiliates, assigns, officers, directors, shareholders, attorneys, employees, agents, trustees, representatives, insurance administrators, and insurers, from any and all claims liabilities, demands and causes of action that Price may have arising from (1) Price's employment relationship with [Kroger] or the cessation of that relationship, (2) any claims contained in [the EEOC charge], (3) any and all claims under Title VII of the Civil Rights Act of 1964, and (4) any and all claims arising under federal, state or local laws, all labor and employment laws, and laws prohibiting employment discrimination . . .

[DE 12 at 1 (filed under seal).] Price signed the Voluntary Settlement Agreement and Release on February 1, 2006. Kroger's agent signed it on February 28, 2006.

Price has filed a copy of a second document, the parties' Negotiated Settlement Agreement, prepared on the letterhead of

the Louisville Area Office of the U.S. Equal Employment Opportunity Commission and which provides that, "[i]n exchange for satisfactory fulfillment by [Kroger] of the promises contained in paragraph (3) of this Agreement, Bryan Price agrees not to institute a lawsuit with respect to" the December 2004 EEOC charge." [DE 16-1.] The Negotiated Settlement Agreement also provides that "[t]he parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement." [*Id.*] Price signed that agreement on February 15, 2006, in the space designated for "Respondent," and Kroger's agent signed it on March 13, 2006, in the space designated for "Charging Party." An arrow appears to indicate that, in fact, Price is the Charging Party and Kroger is the Respondent before the EEOC.

A settlement agreement is an enforceable contract between the parties. *D&R Acoustics, Inc. v. Reynolds*, No. 2011-CA-002271-WC, 2012 WL 2989184 (Ky. Ct. App. July 20, 2012) (citing *Whitaker v. Pollard,* 25 S.W.3d 466, 469 (Ky. 2000)); *see also Johnson v. Hanes Hosiery*, No. 94-6184, 57 F.3d 1069 (6th Cir. 1995) (Table) (holding that district court did not abuse discretion in dismissing plaintiff's action based upon execution of a release of Title VII claim against defendant). "'[I]n the absence of ambiguity a written instrument will be enforced

strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence.'" *Id*. (quoting *Frear v. P.T.A. Indus., Inc.,* 103 S.W.3d 99, 106 (Ky. 2003)).

In the instant matter, no one disputes the existence or the applicability of the Voluntary Settlement Agreement and Release and the Negotiated Settlement Agreement or even that they would apply to bar both Price's discrimination claim based on the disciplinary warning and his retaliation claim based on his filing of the EEOC claim because.  Both incidents clearly fall within the purview of the agreements and predate the parties' decision to enter into the waiver, release, and discharge of all claims arising from Price's employment with Kroger—including those claims arising under Title VII.

Price, however, urges the Court to conclude that the Negotiated Settlement Agreement is unenforceable because it was signed by both parties in the incorrect spaces; because the Voluntary Settlement Agreement and Release should have been signed after the Negotiated Settlement Agreement; because the Kroger Law Department and Equal Opportunity Commission should have made sure that all paperwork was filled out completely and correctly and the failure to do so was "bad conduct by both parties"; because "there were too many mistakes"; and because the "U.S. Equal Employment Opportunity Commission states 1, 2,

3, year contracts. There was no time line per agreement."[2] The Court does not see any of these flaws, if they are in fact flaws, as fatal to the enforcement of the agreements. It is clear who is a party to the agreements and what the terms of the agreements are. No one disputes that the signatures on the agreements are authentic or that the parties intended to release the claims at the time that the agreements were signed. This is not a case of "too many mistakes" or "bad conduct." Further, with respect to Price's argument about a time line, the Court sees no reference to any contracts or time lines and concludes that this argument does not impact the enforcement of the agreement in the context of this case.

Finally, he argues that "[o]nce you appeal with the executive board within 15 days you can pursue the contract procedure at any time." This is simply not the case. Even if the Court does not take the Voluntary Settlement Agreement into account, his claim is untimely under the applicable statute of limitations. A Title VII claim must be filed with the Court within 90 days of the issuance of the EEOC's Notice of Right to Sue. 42 U.S.C. § 2000e-5(e)(1). Price filed a charge with the EEOC, and the EEOC declined to pursue the matter and issued a

---

[2] In his Response, Price also adds that he has an "[a]dditional [c]omplaint" and "want[s] to add race discrimination." The Court already understands his complaint to aver race discrimination in violation of Title VII. Accordingly, to the extent that his Response includes a motion to amend, it shall be denied as moot.

Notice of Right to Sue on April 14, 2005. Price took no action until filing the Complaint in this matter on June 27, 2014, almost 9 years after the statute of limitations ran on July 14, 2005. His claim is now time-barred.

### III.

Plaintiff's ability to pursue this action is barred by his own release of his claims and, in the alternative, by the passage of time and the operation of the statute of limitations. The Court need not and does not reach the merits of his claims as he has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Accordingly, **IT IS ORDERED**:

(1) that Defendant Kroger Limited Partnership I's Motion to Dismiss [DE 10] is **GRANTED**; and

(2) that the Clerk shall strike Plaintiff's response "to the motion to dismiss from Joseph Hansen and Kevin Sullivan" [DE 18] from the docket in the present action and file it in Lexington Civil Action No. 5:14-cv-94 for consideration there.

This the 30th day of March, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge